IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

AMANUEL KELIANA YOUKHANNA,

Petitioner,

v.

JACOB WELSH, Warden,
Chase County Detention Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3335-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner entered the United States in 1976, but his removal to Lebanon was ordered in 1998. It appears that a motion to reopen proceedings was filed in 2002 with the Board of Immigration Appeals (BIA), but the motion was never resolved. On June 8, 2025, petitioner was detained by immigration officials, and efforts to remove petitioner were begun. Petitioner filed a motion to reopen proceedings, however, and on October 8, 2025, an immigration judge (IJ) stayed petitioner's removal pending ruling by the BIA on the motion to reopen. The Government has sought to end the stay, but the IJ denied the Government's motion, and the Government's subsequent motion to the BIA remains

pending, as does petitioner's motion to reopen proceedings. Petitioner is presently confined within this judicial district. On September 9, 2026, petitioner filed this habeas action; respondents have filed an answer, but petitioner has not filed a traverse by the deadline of October 22, 2026, and the matter is therefore ripe for ruling.

First, petitioner has not paid the applicable filing fee, nor has he responded to the Court's notice of that deficiency, which stated that this action could be dismissed if petitioner did not comply by October 9, 2026. Therefore, this action is subject to dismissal on that basis.

The petition also fails on its merits. Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner seeks his release, claiming that his detention has become prolonged and that his removal in the foreseeable future is not likely. The Court analyzes such a claim under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (applying this framework).

The Court denies this claim under *Zadvydas*, as petitioner has not met his burden to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner primarily argues that his removal is not likely because his removal has been stayed by the immigration court. The Tenth Circuit has held, however, that a delay occasioned by a pending motion to reopen removal proceedings does not make an alien's detention indefinite or potentially permanent and thus does not justify relief under *Zadvydas*. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). In addition, petitioner has not provided any evidence or other support for his suggestion that he cannot be removed to Lebanon because of hostilities there.

Petitioner also challenges his arrest without a warrant. The Government has provided evidence that petitioner was in fact detained pursuant to a warrant, and petitioner has not submitted any response to that evidence. Accordingly, the Court denies this claim as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge